FILED 21 NOV '18 16:02 USDC-ORP

1

2    NOTE: CHANGES MADE BY THE COURT

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   FEDERAL TRADE COMMISSION,

13        Plaintiff,

14

15        v.

16   IMPETUS ENTERPRISE, INC., a
California corporation, also d/b/a

17   Aiding Student Relief, Aiding Students

18   & Teachers, Aidnest, Avec Staffing,
and National Education Student and

19   Teacher; FIG TREE & CO., LLC, a
California limited liability company,

20   also d/b/a Aiding Student Relief, Aiding
Students & Teacher, and Aiding

21   Students & Teachers; TUAN DINH

22   DUONG, a/k/a Thomas Duong, a/k/a

23   Thomas Dinh, individually and as an
officer of IMPETUS ENTERPRISE,

24   INC.; BRENDA AVITIA-PENA,
individually and as an officer of

25

26   IMPETUS ENTEPRISE, INC. and

27   FIG TREE & CO., LLC; and BRIAN

28

'18 -MC- 1031

**Case No.
8:18-cv-01987-JLS-KES**

**EX PARTE TEMPORARY
RESTRAINING ORDER
WITH ASSET FREEZE,
APPOINTMENT OF A
TEMPORARY RECEIVER,
AND OTHER EQUITABLE
RELIEF, AND ORDER TO
SHOW CAUSE WHY A
PRELIMINARY
INJUNCTION SHOULD NOT
ISSUE**

# 80980

COLOMBANA d/b/a FUTERO,
individually and as an officer of FIG
TREE & CO., LLC,

     Defendants, and

NOEL SOLUTIONS, LLC, a Wyoming
limited liability company,

     Relief Defendant.

Plaintiff, the Federal Trade Commission, has filed a Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.  Plaintiff has moved, pursuant to FED. R. CIV. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants.

## FINDINGS OF FACT

The Court, having considered the FTC's Complaint, *ex parte* Application for a Temporary Restraining Order, declarations, exhibits, and memorandum of points and authorities filed in support thereof, and being otherwise advised, finds that:

1.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over the parties hereto and that venue in this district is proper.

2.     There is good cause to believe that, in numerous instances, Defendants have falsely and misleadingly represented, directly or indirectly, expressly or by implication, that consumers who purchase student loan debt relief services from them will, or likely will, have their monthly loan payments reduced or their loan balances forgiven in whole or in part; and in telemarketing such services, Defendants have requested and received illegal advance fees for such services.

3.     Additionally, there is good cause to believe that Relief Defendant

Noel Solutions, LLC has received at least $1,556,225 in funds or assets that can be traced to the unlawful acts or practices alleged in the Complaint and has no legitimate claim to those funds.

4.     There is good cause to believe that Defendants Impetus Enterprise, Inc., Fig Tree & Co., LLC, Tuan Dinh Duong, Brenda Avitia-Pena, and Brian Colombana have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Sections 310.4(a)(5)(i) and 310.3(a)(2)(x) of the Telemarketing Sales Rule, 16 C.F.R. §§ 310.4(a)(5)(i), 310.3(a)(2)(x), and that Plaintiff is therefore likely to prevail on the merits of this action. As demonstrated by consumer declarations, consumer complaints, a former employee declaration, declarations from representatives of a federal student loan servicer and a federal student loan guarantor, a certified transcript of an inbound call to Defendants' telemarketers, Defendants' banking and payment processing records, and declarations from an FTC investigator, data analyst, and forensic accountant, the FTC has established a likelihood of success in showing: (1) that Defendants have misrepresented that consumers who purchase debt relief services from them will or likely will have their monthly payments reduced or their loan balances forgiven in whole or in part; (2) that Defendants have requested and received illegal advance fees in telemarketing such services; and (3) that the Commission is likely to succeed in disgorging Relief Defendant's ill-gotten funds.

5.     There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act and the TSR unless Defendants are restrained and enjoined by order of this Court.

6.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers – including monetary restitution, rescission, disgorgement or refunds – will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of

their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court; and that, in accordance with FED. R. CIV. P. 65(b) and Local Rule 7-19.2, the interests of justice require that this Order be granted without prior notice to Defendants. Thus, there is good cause to waive the notice requirement of Local Rule 7-19.1 and relieve Plaintiff of the duty to provide Defendants with prior notice of its application for a Temporary Restraining Order.

7.      Good cause exists for appointing a temporary receiver over the Receivership Entities, freezing Defendants' and Relief Defendant's assets, permitting the Plaintiff and the Receiver immediate access to the Defendants' business premises, and permitting the Plaintiff and the Receiver to take expedited discovery.

8.      Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to business premises, expedited discovery, and other equitable relief is in the public interest.

9.      This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

10.      No security is required of any agency of the United States for issuance of a temporary restraining order. FED. R. CIV. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.      "**Corporate Defendants**" means Impetus Enterprise, Inc. and Fig Tree & Co., LLC, and each of their subsidiaries, affiliates, successors, and assigns.

5

C.    **"Defendant(s)"** means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination.

D.    **"Document"** is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), FED. R. CIV. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

E.    **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

F.    **"Individual Defendant(s)"** means Tuan Dinh Duong, Brenda Avitia-Pena, and Brian Colombana, individually, collectively, or in any combination.

G.    **"Receiver"** means the temporary receiver appointed in Section XIII of this Order and any deputy receivers that shall be named by the temporary receiver.

H.    **"Receivership Entities"** means Corporate Defendants as well as any other entity that has conducted any business related to Defendants' student debt relief enterprise, including receipt of Assets derived from any activity that is the

subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

    I.    **"Relief Defendant"** means Noel Solutions, LLC, a limited liability company incorporated in Wyoming.

    J.    **"Secured or unsecured debt relief product or service"** means:

    1.    With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

    (a)    stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

    (b)    negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

    (c)    obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

    (d)    negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or

(iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

(e)     obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

(f)     negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

2.     With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

(a)     repay one or more unsecured loans, debts, or obligations; or

(b)     combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

# ORDER

## I.  CEASE AND DESIST

**IT IS THEREFORE ORDERED** that Defendant Tuan Dinh Duong immediately cease and desist from:

A.   Advertising, marketing, promoting, offering for sale, or selling any secured or unsecured debt relief product or service; and

B.   Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any secured or unsecured debt relief product or service.

The Permanent Injunction entered by the U.S. District Court for the Central District of California prohibiting Defendant Tuan Dinh Duong from the above conduct remains in full force and effect.  Perm. Inj., *FTC v. CD Capital Invs., LLC,* Civ. No. 8:14-1033-JLS-RNB, D.E. No. 172, at 6 ¶ I (C.D. Cal. Aug. 22, 2016).

## II.  PROHIBITION ON DECEPTIVE REPRESENTATIONS

**IT IS FURTHER ORDERED** that:

A.   Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any fact material to consumers concerning any good or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

B.   Defendants Impetus Enterprise, Inc., Fig Tree & Co., LLC, Brenda Avitia-Pena, and Brian Colombana, and their officers, agents, employees, and attorneys, as well as those of Defendant Tuan Dinh Duong, and all other persons in active concert or participation with them, who receive actual notice of this Order

by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, (including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector), are temporarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, that consumers who purchase such programs or services will or likely will have their monthly payments reduced or their loan balances forgiven in whole or in part.

## III.  PROHIBITION ON COLLECTION OF ADVANCE FEES

**IT IS FURTHER ORDERED** that Defendants Impetus Enterprise, Inc., Fig Tree & Co., LLC, Brenda Avitia-Pena, and Brian Colombana, and their officers, agents, employees, and attorneys, as well as those of Defendant Tuan Dinh Duong, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.    Providing, offering to provide, or arranging for others to provide any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, (including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector), and requesting or receiving payment of any fees or consideration for any such program or service, until and unless:

1.    The seller or telemarketer has renegotiated, settled, reduced, or

otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer;

2.    The customer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the customer and the creditor or debt collector; and

3.    To the extent that debts enrolled in a service are renegotiated, settled, reduced, or otherwise altered individually, the fee or consideration either:

(a)    bears the same proportional relationship to the total fee for renegotiating, settling, reducing, or altering the terms of the entire debt balance as the individual debt amount bears to the entire debt amount.  The individual debt amount and the entire debt amount are those owed at the time the debt was enrolled in the service; or

(b)    is a percentage of the amount saved as a result of the renegotiation, settlement, reduction, or alteration.  The percentage charged cannot change from one individual debt to another.  The amount saved is the difference between the amount owed at the time the debt was enrolled in the service and the amount actually paid to satisfy the debt.

## IV.  PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.    Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number,

bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.    Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however*, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## V.  ASSET FREEZE

**IT IS FURTHER ORDERED** that:

A.    Defendants, Relief Defendant, and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

1.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

(a)    owned or controlled, directly or indirectly, by any Defendant or Relief Defendant;

(b)    held, in part or in whole, for the benefit of any Defendant or Relief Defendant;

(c)     in the actual or constructive possession of any Defendant or Relief Defendant; or

(d)     owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant or Relief Defendant.

2.   Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or Relief Defendant or subject to access by any Defendant or Relief Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

3.   Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or Relief Defendant, or of which any Defendant or Relief Defendant is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which any Defendant or Relief Defendant is, or was on the date that this Order was signed, an authorized signor; or

4.   Cashing any checks or depositing any money orders or cash that is received from, or that draws on a bank or financial account belonging to, consumers, clients, or customers of any Defendant.

B.   The Assets affected by Section V(A) of this Order shall include:  (1) all Assets of Defendants as of the time this Order is entered; (2) all Assets of Relief Defendant except for any Assets that the Receiver excludes from this Section pursuant to Section V(C) below; and (3) Assets obtained by Defendants and Relief

1    Defendant after this Order is entered if those Assets are derived from any activity

2    that is the subject of the Complaint in this matter or that is prohibited by this Order.

3         C.     If the Receiver determines that Relief Defendant's Assets affected by

4    this Section are more than sufficient to satisfy a judgment, in favor of the FTC,

5    against it in the amount of $1,556,225, the Receiver shall determine, in his or her

6    sole discretion, which of its Assets to exclude from Section V(A) of this Order.

7         D.     This Section does not prohibit any transfers to the Receiver or

8    repatriation of foreign Assets specifically required by this Order.

9    **VI.  DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

10        **IT IS FURTHER ORDERED** that any financial or brokerage institution,

11   Electronic Data Host, credit card processor, payment processor, merchant bank,

12   acquiring bank, independent sales organization, third-party processor, payment

13   gateway, insurance company, business entity, or person who receives actual notice

14   of this Order (by service or otherwise) that: (a) holds, controls, or maintains

15   custody, through an account or otherwise, of any Document on behalf of any

16   Defendant or Relief Defendant or any Asset that is:  owned or controlled, directly

17   or indirectly, by any Defendant or Relief Defendant; held, in part or in whole, for

18   the benefit of any Defendant or Relief Defendant; in the actual or constructive

19   possession of any Defendant or Relief Defendant; or owned or controlled by, in

20   the actual or constructive possession of, or otherwise held for the benefit of, any

21   corporation, partnership, asset protection trust, or other entity that is directly or

22   indirectly owned, managed or controlled by any Defendant or Relief Defendant;

23   (b) holds, controls, or maintains custody, through an account or otherwise, of any

24   Document or Asset associated with credits, debits, or charges made on behalf of

25   any Defendant or Relief Defendant, including reserve funds held by payment

26   processors, credit card processors, merchant banks, acquiring banks, independent

27   sales organizations, third-party processors, payment gateways, insurance

28

companies, or other entities; (c) has extended credit to any Defendant or Relief Defendant, including through a credit card account; or (d) has held, controlled, or maintained custody of any such Document, Asset, or account at any time since the date of entry of this Order, shall:

A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; *provided, however*, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.    Deny any person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant or Relief Defendant, either individually or jointly, or otherwise subject to access by any Defendant or Relief Defendant;

C.    Within 3 days of entry of this Order, provide FTC counsel and the Receiver a sworn statement setting forth:

1.    The identification number of each such account or Asset;

2.    The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3..    The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or

jointly, of any Defendant or Relief Defendant, or is otherwise subject to access by any Defendant or Relief Defendant; and

D.    Upon the request of FTC counsel or the Receiver, promptly provide FTC counsel and the Receiver with copies of all records or other Documents pertaining to each account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## VII.   FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant shall, within 5 days of service of this Order upon them, prepare and deliver to FTC counsel and the Receiver:

A.    Completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant and Relief Defendant, and for each business entity under which an Individual Defendant conducts business, controls, or in which they are an officer, director, member, or manager;

B.    Completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Individual Defendant and Corporate Defendant, and the Relief Defendant;

C.    Relief Defendant shall, within 5 days of entry of this Order, prepare and deliver to FTC counsel and the Receiver a completed statement, verified under

oath, listing all payments, transfers, or assigns of funds, assets, or property, made
to Relief Defendant or for Relief Defendant's benefit by any Defendant or
Receivership Entity since January 1, 2017. This statement shall specify the date of
the identified transaction; disclosing the subject of the transaction (including,
where applicable, the amount of the transaction); and identifying by name, address,
email address, and phone number all parties to the transaction and all entities who
participated in it, including, where applicable, any financial or brokerage
institution, Electronic Data Host, credit card processor, payment processor,
merchant bank, acquiring bank, independent sales organization, third-party
processor, payment gateway, insurance company, business entity, or person.

## VIII.    FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within three (3) days following the
service of this Order, each Defendant and the Relief Defendant shall:

A.    Provide FTC counsel and the Receiver with a full accounting, verified
under oath and accurate as of the date of this Order, of all Assets, Documents, and
accounts outside of the United States which are: (1) titled in the name,
individually or jointly, of any Defendant or Relief Defendant; (2) held by any
person or entity for the benefit of any Defendant or Relief Defendant or for the
benefit of, any corporation, partnership, asset protection trust, or other entity that is
directly or indirectly owned, managed or controlled by any Defendant or Relief
Defendant; or (3) under the direct or indirect control, whether jointly or singly, of
any Defendant or Relief Defendant;

B.    Take all steps necessary to provide FTC counsel and Receiver access
to all Documents and records that may be held by third parties located outside of
the territorial United States, including signing the Consent to Release of Financial
Records appended to this Order as **Attachment D**.

C.     Transfer to the territory of the United States all Documents and Assets located in foreign countries which are:  (1) titled in the name, individually or jointly, of any Defendant or Relief Defendant; (2) held by any person or entity for the benefit of any Defendant or Relief Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant or Relief Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant or Relief Defendant; and

D.     On the same business day as any repatriation, (1) notify the Receiver and counsel for the FTC of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## IX.  NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.     Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' and Relief Defendants' Assets have been fully repatriated pursuant to this Order; or

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that

repatriation is required pursuant to a court order, until such time that all Defendants' and Relief Defendants' Assets have been fully repatriated pursuant to this Order.

## X.  CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning Defendants and Relief Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## XI.  PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants and Relief Defendant, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant or Relief Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant or Relief Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant or Relief Defendant; and

B.      Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' and Relief Defendant's incomes, disbursements, transactions, and use of Defendants' and Relief Defendant's Assets.

## XII.   REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing FTC counsel and the Receiver with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XIII.   TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Krista L. Freitag is appointed as temporary Receiver of the Receivership Entities with full powers of an equity Receiver.  The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XIV.   DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.     Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.     Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.      Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.      Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities. The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Entities. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E.      Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall: divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials); take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital

Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely.

F.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.      Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

H.      Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable:  (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security;

I. Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web page or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants or Relief Defendants, and their representatives;

J. Enter into and cancel contracts and purchase insurance as advisable or necessary;

K. Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L. Make an accounting, as soon as practicable, of the Assets and financial condition of the Receivership and file the accounting with the Court and deliver copies thereof to all parties;

M. Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N. Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate, in addition to obtaining other discovery as set forth in this Order;

O. Open one or more bank accounts at designated depositories for funds of the Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the Receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

P.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q.      Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants' and Relief Defendant's representatives and Defendants and the Relief Defendant themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

R.      Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants and the Relief Defendant, and their representatives, reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S.      Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T.      Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

U.      If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court; and

V.      If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that

any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

W.    File a report with the Court, three (3) business days before the hearing scheduled pursuant to Section XXVII of this Order, describing:  (1) the steps taken by the Receiver to implement the terms of the Order; (2) the value of all assets and sum of all liabilities of the Receivership Entities; (3) the steps the Receiver intends to take in the future to protect Receivership assets, recover Receivership assets from third parties, and adjust Receivership liabilities;  (4) the Receiver's opinion on whether any portion of the business of any of the Receivership Entities can continue to operate legally and profitably; and (5) any other matters which the Receiver believes should be brought to the Court's attention.

## XV.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants, Relief Defendant, and any other person with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.    All Assets held by or for the benefit of the Receivership Entities;

B.    All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.    All Documents of or pertaining to the Receivership Entities;

D.    All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

E.    All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.    All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XVI.  PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

A.    A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.    A list of all agents, employees, officers, attorneys, servants, and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.    A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be

located, authors or recipients of such documents, and search terms likely to
identify such electronic documents.

## XVII.    COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Relief Defendant;
Receivership Entities; their officers, agents, employees, and attorneys, all other
persons in active concert or participation with any of them, and any other person
with possession, custody, or control of property of or records relating to the
Receivership entities who receive actual notice of this Order shall fully cooperate
with and assist the Receiver.  This cooperation and assistance shall include, but is
not limited to, providing information to the Receiver that the Receiver deems
necessary to exercise the authority and discharge the responsibilities of the
Receiver under this Order; providing any keys, codes, user names and passwords
required to access any computers, electronic devices, mobile devices, and
machines (onsite or remotely) and any cloud account (including specific method to
access account) or electronic file in any medium; advising all persons who owe
money to any Receivership Entity that all debts should be paid directly to the
Receiver; and transferring funds at the Receiver's direction and producing records
related to the Assets and sales of the Receivership Entities.

## XVIII.    NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Relief Defendant;
Receivership Entities; their officers, agents, employees, and attorneys; and all other
persons in active concert or participation with any of them, who receive actual
notice of this Order, and any other person served with a copy of this Order, are
hereby restrained and enjoined from directly or indirectly:

A.    Interfering with the Receiver's efforts to manage, or take custody,
control, or possession of, the Assets or Documents subject to the Receivership;

B.    Transacting any of the business of the Receivership Entities;

C.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.     Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XIX.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Relief Defendants, and their officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, companies, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants or Relief Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A.     Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.     Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.     Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

*Provided, however*, that this Order does not stay:  (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XX.   COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXI.   RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $15,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

## XXII.  IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that:

A.      In order to allow Plaintiff and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to the business premises and storage facilities, owned, controlled, or used by the Receivership Entities.  Such locations may include, but are not limited to, 1651 East 4th Street, Suite 124, Santa Ana, CA 92701, 18100 Von Karman Ave., Suite 850, Irvine, CA 92612, 2522 Chambers Rd., 11th Floor, Tustin, CA 92626, and any offsite location or commercial mailbox used by the Receivership Entities.  The Receiver may exclude Defendants, Relief Defendant, Receivership Entities, and their employees from the business premises during the immediate access.

B.      Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Receivership Entities' premises in order that they may be inspected, inventoried, and copied.  Plaintiff shall return any removed materials to the Receiver within five (5) business days of completing inventorying and copying, or such time as is agreed upon by Plaintiff and the Receiver.

C.      Plaintiff's access to the Receivership Entities' documents pursuant to this Section shall not provide grounds for any Defendant or Relief Defendant to object to any subsequent request for documents served by Plaintiff.

D.      Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order.

E.     If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Receivership Entities are at a location other than those listed herein, including personal residence(s) of any Defendant, then, immediately upon receiving notice of this order, Defendants, Relief Defendant, and Receivership Entities shall produce to the Receiver all such Documents, computers, and electronic storage devices, along with any codes or passwords needed for access.  In order to prevent the destruction of computer data, upon service of this Order, any such computers or electronic storage devices shall be powered down in the normal course of the operating system used on such devices and shall not be powered up or used until produced for copying and inspection; and

F.     If any communications or records of any Receivership Entity are stored with an Electronic Data Host, such Entity shall, immediately upon receiving notice of this order, provide the Receiver with the username, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third-party to attempt to access, the communications or records.

## XXIII.  DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order.  Defendants shall not take any action that would encourage officers,

agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIV.  EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the FED. R. CIV. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to FED. R. CIV. P. 30(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering:  (1) the nature, location, status, and extent of Defendants' and Relief Defendant's Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order.  The limited expedited discovery set forth in this Section shall proceed as follows:

A.     Plaintiff and the Receiver may take the deposition of parties and non-parties.  Seventy-two (72) hours' notice shall be sufficient notice for such depositions.  The limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means.

B.     Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, *provided, however*, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.    Plaintiff and the Receiver may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories.

D.    The Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service.

E.    Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

F.    Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

G.    The Parties are exempted from making initial disclosures under FED. R. CIV. P. 26(a)(1) until further order of this Court.

## XXV.  SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the Complaint and summons), may be served by any means, including facsimile transmission, email or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or Relief Defendant or any person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate, or office of any entity shall effect service upon the entire entity.

## XXVI.   CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purposes of this Order, Defendants and the Relief Defendant shall serve all pleadings or other documents related to this Order, or Plaintiff's application for a preliminary injunction by (1) email at jmillard@ftc.gov and bwelke@ftc.gov; and (2) fax transmission to (202) 326-3197, or by hand delivery or overnight shipment via third-party carrier to:

> Joshua S. Millard
> Brian M. Welke
> Federal Trade Commission
> 600 Pennsylvania Ave., N.W., Mailstop CC-9528
> Washington, D.C. 20580

## XXVII.   PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to FED. R. CIV. P. 65(b), Defendants shall appear before this Court on the 26th day of November, 2018, at 1:30 p.m., to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Complaint, continuing the asset freeze and receivership, and imposing such additional relief as may be appropriate.

## XXVIII.   BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that:

A.     Defendants and Relief Defendant shall file with the Court and serve on FTC counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no later than six (6) days prior to the hearing scheduled pursuant to Section XXVII of this Order.  Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than three (3) days prior to the

hearing. *Provided, however*, that such affidavits, pleadings, motions, expert reports, declarations, legal memoranda or oppositions must be served by personal or overnight delivery, facsimile or email, and be received by the other party or parties no later than 5:00 p.m. Pacific Time on the appropriate dates set forth in this Section.

      B.     An evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue.  The question of whether this Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties.  Live testimony shall be heard only on further order of this Court.  Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties at least five (5) days prior to the hearing in this matter.  Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court.  Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least three (3) days prior to the hearing.

      *Provided, however*, that service shall be performed by personal or overnight delivery, facsimile or email, and Documents shall be delivered so that they shall be received by the other parties no later than 5:00 p.m. Pacific Time on the appropriate dates provided in this Section.

## XXIX.  DURATION OF THE ORDER

**IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to FED. R. CIV. P. 65(b)(2).

## XXX.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 13th day of November, 2018, at 4:40 p.m.

_____

UNITED STATES DISTRICT JUDGE

PATCH **T** (FILE **A**)